IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-383-BO

| | |
|---|---|
| SANDRA ELLIOTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on petitioner's motion for indigent petitioner to receive court documents without payment [DE 79]. For the reasons stated herein, petitioner's motion is DENIED.

## BACKGROUND

On January 15, 2010, petitioner pled guilty, with the benefit of a plea agreement, to one count of health care fraud and aiding and abetting. [DE 7]. On September 10, 2010, the Court sentenced petitioner to 120 months' imprisonment and 3 years' supervised release. [DE 41]. Petitioner did not appeal the judgment. On September 9, 2011, petitioner filed a motion pursuant to 28 U.S.C. § 2255. [DE 44]. On November 28, 2011, the Court amended the judgment and dismissed petitioner's remaining habeas claims as moot. [DE 51].

On December 9, 2011, petitioner appealed from the amended judgment and the Fourth Circuit Court of Appeals affirmed in part and dismissed in part. [DE 57]. On July 30, 2013, petitioner filed a motion pursuant to 28 U.S.C. § 2255. [DE 61]. Petitioner filed a subsequent motion alleging an invalid sentence and a motion for leave to conduct discovery. The Court dismissed petitioner's § 2255 motion and denied the subsequent motions. [DE 77]. On April 25,

2014, petitioner filed the instant motion requesting copies of the criminal information, transcripts, motion to continue and petition for action, without payment of fees. [DE 79]. The government opposes the motion. [DE 83].

## DISCUSSION

"[T]he Fourth Circuit requires indigent defendants to show a 'particularized need'" for requested documents. *United States v. Holloman*, 2013 U.S. Dist. LEXIS 99748, *4 (E.D.N.C. Jul. 17, 2013); *Jones v. Superintendant, Va. State Farm*, 460 F.2d 150, 152–53 (4th Cir. 1972). An indigent is not entitled to a transcript at government expense in order to "merely [] comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963). Petitioner has not provided any justification at all to receive the requested documents at government expense. She has not made a showing of what she believes appears in the documents she requires and appears to merely seek to "comb the record." Accordingly, her motion is denied. Petitioner is entitled to obtain the documents she seeks at her own expense, but not at the government's.

## CONCLUSION

For the foregoing reasons, petitioner's motion is DENIED.

SO ORDERED.

This the 2 day of June, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE