IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-383-BO
NO. 5:13-CV-473-BO

| | | |
|---|---|---|
| SANDRA ELLIOTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on petitioner's motion for return of property. Also pending are the government's motion to dismiss; petitioner's motion to stay imprisonment, restitution, forfeiture, and probation; and motion for petition for reconsideration/rehearing. For the reasons discussed below, the government's motion is granted and petitioner's motions are denied.

## BACKGROUND

On January 15, 2010, petitioner pled guilty, with the benefit of a plea agreement, to one count of health care fraud and aiding and abetting. [DE 7]. On September 10, 2010, the Court sentenced petitioner to 120 months' imprisonment and 3 years' supervised release. [DE 41]. Petitioner did not appeal the judgment. On September 9, 2011, petitioner filed a motion pursuant to 28 U.S.C. § 2255. [DE 44]. On November 28, 2011, the Court amended the judgment and dismissed petitioner's remaining habeas claims as moot. [DE 51].

On December 9, 2011, petitioner appealed from the amended judgment and the Fourth Circuit Court of Appeals affirmed in part and dismissed in part. [DE 57]. On July 30, 2013,

petitioner filed a motion pursuant to 28 U.S.C. § 2255. [DE 61]. Petitioner filed a subsequent motion alleging an invalid sentence and a motion for leave to conduct discovery. The Court dismissed petitioner's § 2255 motion and denied the subsequent motions. [DE 77]. On June 10, 2014, the Court denied petitioner's motion for reconsideration, and to the extent that the motion raised new grounds for relief under § 2255, dismissed those claims as second or successive. [DE 90]. Petitioner noticed an appeal of that order. [DE 95].

## DISCUSSION

### I. Motion for Return of Property and Government's Motion to Dismiss

Petitioner seeks return of property and currency seized on or about October 15, 2009. Specifically, petitioner seeks return of a 2008 Chrysler 300, a 2008 Fleetwood Tarra recreational vehicle, a 2009 Lexus GX 470, $201,791.70, office furniture/equipment/supplies, and storage units. Rule 41 of the Federal Rules of Criminal Procedure provides that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g).

On January 21, 2010, petitioner stipulated to a consent to forfeiture, in which she agreed that, *inter alia*, the "property listed in the Criminal Information [] is proceeds traceable to the commission of a federal health care offense and is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 982(a)(7)." [DE 13]. The criminal information, to which petitioner pled guilty, listed the following nonexclusive list of forfeitable property: 2008 Lexus GX 470, 2008 Chrysler 300, 2008 Fleetwood Terra RV, and $201,791 in seized cash. [DE 1]. In her plea agreement, petitioner agreed to the forfeiture of the property specified in the criminal information and to additionally forfeit and waive any ownership rights in *all* items seized during the investigation of

2

the acts alleged in the criminal information. [DE 9]. The record thus demonstrates that petitioner has agreed and consented to the forfeiture of the property whose return she now seeks.

Moreover, Rule 41(g) is not an available remedy to defendants whose forfeiture was a part of their criminal sentence and judgment. "Criminal forfeiture is part of a defendant's sentence," *United States v. Martin*, 662 F.3d 301, 306 (4th Cir. 2011), and "must be challenged on direct appeal or not at all." *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007) (listing cases holding same); *see also United States v. Martinez-Mata*, No. 3:14CV10, 2014 WL 5430992, at *2 (E.D. Va. Oct. 24, 2014) (challenge to criminal forfeiture must be made on direct appeal or challenge is waived). The criminal forfeiture of petitioner's property was a part of her sentence and judgment. [DE 51 at 7]. Petitioner's only remedy to challenge such forfeiture was therefore on direct appeal. Petitioner did file a direct appeal and did not challenge the forfeiture. [DE 57]. Petitioner's motion for return of property is denied.

Petitioner has set forth several additional arguments in her motion, including that this Court was without jurisdiction to enter the orders of forfeiture, that her counsel was ineffective, and that her guilty plea was not knowing or voluntary. All of these claims would constitute bases of a motion under 28 U.S.C. § 2255 and the Court reconstrues them as such. As petitioner has previously filed a § 2255 motion which was dismissed on the merits, [DE 77], the instant motion is second or successive and this Court is without jurisdiction to consider it. *See United States v. Winestock*, 340 F.3d 200, 206–07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence"); 28 U.S.C. § 2255(h) (appropriate court of appeals must certify a second or successive motion for filing). The government's motion to dismiss the remaining claims presented in petitioner's motion for return of property is granted.

3

## II. Motion to Stay Imprisonment, Restitution, Forfeiture, and Probation

Petitioner seeks a stay of her imprisonment, restitution, forfeiture, and probation on the ground that she has filed an appeal from her sentence and conviction in this Court. Petitioner's stay request is actually based on her appeal of this Court's denial of her motion for reconsideration of the Court's order denying her motion pursuant to 28 U.S.C. § 2255. [DE 90].

Rule 38 of the Federal Rules of Criminal Procedure governs the stay of a sentence, and requires that "if the defendant is released pending appeal, the court must stay a sentence of imprisonment." Fed. R. Crim. P. 38(b)(1). Petitioner was not released pending appeal of her conviction and sentence, and this Court's judgment was in fact affirmed by the court of appeals. [DE 57]. Petitioner has presented no basis or justification for release pending appeal of her motion, and her request is therefore denied.

## III. Motion for Petition Reconsideration/Rehearing

Petitioner filed in this Court a petition for reconsideration/rehearing of her appeal of an order of this Court. The relief sought by petitioner may only be granted by the court of appeals, and the court of appeals has denied petitioner's petition for rehearing. [DE 108]. The motion is therefore dismissed.

## CERTIFICATE OF APPEALABLITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition. After reviewing the claims presented in the petition in light of the applicable standard,

4

the Court finds that the petitioner's claims are not deserving of encouragement to proceed further. This Court hereby DENIES petitioner a certificate of appealability.

## CONCLUSION

For the reasons discussed above, petitioner's motion for return of property [DE 86] is DENIED and the government's motion to dismiss [DE 94] is GRANTED. Petitioner's motion to stay [DE 101] is DENIED and her petition for rehearing [DE 105] is DISMISSED.


SO ORDERED.

This the ___6___ day of March, 2015.


TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE