IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-383-BO
NO. 5:13-CV-473-BO

| | |
|---|---|
| SANDRA ELLIOTT, | ) |
| Petitioner, | ) ) ) |
| v. | )     **ORDER** |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

This matter is before the Court on petitioner's motion for return of property. [DE 128]. For the reasons discussed below, petitioner's motion is denied.

## BACKGROUND

On January 15, 2010, petitioner pled guilty, with the benefit of a plea agreement, to one count of health care fraud and aiding and abetting. [DE 7]. On September 10, 2010, the Court sentenced petitioner to 120 months' imprisonment and 3 years' supervised release. [DE 41]. Petitioner did not appeal the judgment. On September 9, 2011, petitioner filed a motion pursuant to 28 U.S.C. § 2255. [DE 44]. On November 28, 2011, the Court amended the judgment and dismissed petitioner's remaining habeas claims as moot. [DE 51].

On December 9, 2011, petitioner appealed from the amended judgment and the Fourth Circuit Court of Appeals affirmed in part and dismissed in part. [DE 57]. On July 30, 2013, petitioner filed a motion pursuant to 28 U.S.C. § 2255. [DE 61]. Petitioner filed a subsequent motion alleging an invalid sentence and a motion for leave to conduct discovery. The Court dismissed petitioner's § 2255 motion and denied the subsequent motions. [DE 77]. On June 10,

2014, the Court denied petitioner's motion for reconsideration, and to the extent that the motion raised new grounds for relief under § 2255, dismissed those claims as second or successive. [DE 90]. Petitioner noticed an appeal of that order. [DE 95]. The Fourth Circuit dismissed the appeal, and the mandate issued. [DE 104, 110]. In March 2015, petitioner's motion for return of property post-trial was denied. [DE 109]. Petitioner appealed this order. [DE 111]. This appeal was also dismissed, and the mandate issued. [DE 118, 125]. Petitioner has now filed another motion for return of property. [DE 128].

## DISCUSSION

Petitioner seeks return of property and currency seized on or about October 15, 2009. Specifically, petitioner seeks return of a 2008 Chrysler 300, a 2008 Fleetwood Terra recreational vehicle, a 2009 Lexus GX 470, $201,791 in cash, office furniture/equipment/supplies, and storage units. Rule 41 of the Federal Rules of Criminal Procedure provides that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g).

On January 21, 2010, petitioner stipulated to a consent to forfeiture, in which she agreed that, *inter alia*, the "property listed in the Criminal Information [] is proceeds traceable to the commission of a federal health care offense and is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 982(a)(7)." [DE 13]. The criminal information, to which petitioner pled guilty, listed the following nonexclusive list of forfeitable property: 2008 Lexus GX 470, 2008 Chrysler 300, 2008 Fleetwood Terra RV, and $201,791 in seized cash. [DE 1]. In her plea agreement, petitioner agreed to the forfeiture of the property specified in the criminal information and to additionally forfeit and waive any ownership rights in *all* items seized during the investigation of

2

the acts alleged in the criminal information. [DE 9]. The record thus demonstrates that petitioner has agreed and consented to the forfeiture of the property whose return she now seeks.

Moreover, Rule 41(g) is not an available remedy to defendants whose forfeiture was a part of their criminal sentence and judgment. "Criminal forfeiture is part of a defendant's sentence," *United States v. Martin*, 662 F.3d 301, 306 (4th Cir. 2011), and "must be challenged on direct appeal or not at all." *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007) (listing cases holding same); *see also United States v. Martinez-Mata*, No. 3:14CV10, 2014 WL 5430992, at *5–6 (E.D. Va. Oct. 24, 2014) (challenge to criminal forfeiture must be made on direct appeal or challenge is waived). The criminal forfeiture of petitioner's property was a part of her sentence and judgment. [DE 51 at 7]. Petitioner's only remedy to challenge such forfeiture was therefore on direct appeal. Petitioner did file a direct appeal and did not challenge the forfeiture. [DE 57]. Finally, petitioner has grounded her argument in the Civil Asset Forfeiture Reform Act, but this Act is irrelevant to petitioner's criminal forfeiture case. For all these reasons, petitioner's motion for return of property is again denied.

## CONCLUSION

For the reasons discussed above, petitioner's motion for return of property [DE 128] is DENIED.

SO ORDERED, this the ___1___ day of March, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE