IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-383-BO

| | |
|---|---|
| SANDRA ELLIOTT,<br>    Petitioner/Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | ORDER |

This matter is before the Court on petitioner's motion for a new trial and for a judgment of acquittal. [DE 141]. The government has responded in opposition. For the reasons discussed below, petitioner's motion is denied.

## BACKGROUND

On January 15, 2010, petitioner pled guilty, with the benefit of a plea agreement, to one count of health care fraud and aiding and abetting. [DE 7]. On September 10, 2010, the Court sentenced petitioner to 120 months' imprisonment and 3 years' supervised release. [DE 41]. Petitioner did not appeal the judgment. On September 9, 2011, petitioner filed a motion pursuant to 28 U.S.C. § 2255. [DE 44]. On November 28, 2011, the Court amended the judgment and dismissed petitioner's remaining habeas claims as moot. [DE 51].

On December 9, 2011, petitioner appealed from the amended judgment and the Fourth Circuit Court of Appeals affirmed in part and dismissed in part. [DE 57]. On July 30, 2013, petitioner filed a motion pursuant to 28 U.S.C. § 2255. [DE 61]. Petitioner filed a subsequent motion alleging an invalid sentence and a motion for leave to conduct discovery. The Court dismissed petitioner's § 2255 motion and denied the subsequent motions. [DE 77]. On June 10, 2014, the Court denied petitioner's motion for reconsideration, and to the extent that the motion

raised new grounds for relief under § 2255, dismissed those claims as second or successive. [DE 90]. Petitioner noticed an appeal of that order. [DE 95]. The Fourth Circuit dismissed the appeal, and the mandate issued. [DE 104, 110]. In March 2015, petitioner's motion for return of property post-trial was denied. [DE 109]. Petitioner appealed this order. [DE 111]. This appeal was also dismissed, and the mandate issued. [DE 118, 125]. Petitioner filed another motion for return of property, which was denied. [DE 128, 134]. Petitioner has also filed a "Motion for Clarification of Due Process," which was denied. [DE 140]. Presently before the Court is petitioner's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 and a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. [DE 141].

## DISCUSSION

Petitioner presently seeks relief pursuant to Federal Rules of Criminal Procedure 33 and 29.

Petitioner cites Rule 33 for the proposition that a court may grant a new trial "if the interest of justice so requires" and, if the basis for the motion is newly discovered evidence, the motion is filed within a certain time period. Fed. R. Crim. P. 33. Regardless of the issue of petitioner's timeliness, Rule 33 relief is not available to petitioner, as she pled guilty. [DE 25, 37, 57, 77]. "By its express terms, Rule 33 is confined to those situations in which a trial has been had." *United States v. Strom*, 611 Fed. Appx. 148, 149 (4th Cir. 2015) (internal quotation marks omitted) (quoting *United States v. Graciani*, 61 F.3d 70, 78 (1st Cir. 1995)). Since petitioner had no trial, she cannot now successfully move for a new trial.

Petitioner also seeks relief under Rule 29, which permits the Court to enter a judgment of acquittal during or after a trial. *See* Fed. R. Crim. P. 29. Once again, however, the plain

2

language of the rule requires a trial, which petitioner did not have as a result of her guilty plea. [DE 25, 37, 57, 77]. Accordingly, Rule 29 also provides no relief.

CONCLUSION

For the foregoing reasons, petitioner's motion for a new trial under Federal Rules of Criminal Procedure 33 and 29 is DENIED. [DE 141].

SO ORDERED, this the 23 day of June, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE