IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-383-BO
NO. 5:13-CV-473-BO

| SANDRA ELLIOTT, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the Court on petitioner's petition for annulment of stipulated agreement of forfeiture [DE 153], the government's motion to dismiss [DE 154], and petitioner's motion to dismiss criminal information, to withdraw plea agreement, and for return of property. [DE 168]. Petitioner has also requested that her restitution payments be stayed pending the outcome of her motion to dismiss. [DE 169, 174]. The appropriate responses and replies having been filed, or the time for doing so having passed, the motions are ripe for ruling. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's motion to dismiss is denied.

## BACKGROUND

On January 15, 2010, petitioner pled guilty, with the benefit of a plea agreement, to one count of health care fraud and aiding and abetting. [DE 7]. On September 10, 2010, the Court sentenced petitioner to 120 months' imprisonment and 3 years' supervised release. [DE 41]. Petitioner did not appeal the judgment. On September 9, 2011, petitioner filed a motion pursuant

to 28 U.S.C. § 2255. [DE 44]. On November 28, 2011, the Court amended the judgment and dismissed petitioner's remaining habeas claims as moot. [DE 51].

On December 9, 2011, petitioner appealed from the amended judgment and the Fourth Circuit Court of Appeals affirmed in part and dismissed in part. [DE 57]. On July 30, 2013, petitioner filed a motion pursuant to 28 U.S.C. § 2255. [DE 61]. Petitioner filed a subsequent motion alleging an invalid sentence and a motion for leave to conduct discovery. The Court dismissed petitioner's § 2255 motion and denied the subsequent motions. [DE 77]. On June 10, 2014, the Court denied petitioner's motion for reconsideration, and to the extent that the motion raised new grounds for relief under § 2255, dismissed those claims as second or successive. [DE 90]. Petitioner noticed an appeal of that order, [DE 95], and that appeal was dismissed. [DE 103]. This Court subsequently denied petitioner's motion for return of property [DE 109], which petitioner appealed and which appeal was dismissed by the court of appeals. [DE 117].

The Court denied a subsequent motion for return of property due to violation of the Civil Asset Forfeiture Reform Act on March 3, 2016, [DE 134], and petitioner's motion for a new trial on June 24, 2016. [DE 148]. Petitioner noticed an appeal of the order denying her motion for return of property and for a new trial; the same day petitioner appealed the order denying her motion for new trial she filed her petition for annulment of stipulated agreement, which the government has moved to dismiss. The Court's order denying petitioner's motion for return of property was affirmed by opinion entered August 30, 2016. [DE 158]. The court of appeals affirmed this Court's denial of petitioner's motion for new trial by opinion entered November 28, 2016. [DE 162]. On December 8, 2016, the court of appeals denied petitioner's motion under 28 U.S.C. § 2244 for an order authorizing this Court to consider a second or successive application for relied under 28 U.S.C. § 2255. [DE 165].

On February 2, 2017, petitioner filed her motion to dismiss the criminal information which is now before the Court.

## DISCUSSION

I. <u>Petition for annulment</u>

In her petition for annulment of stipulated agreement for forfeiture order, petitioner argues that the government procedurally defaulted in its pursuit of criminal forfeiture under Fed. R. Crim. P. 32 and that there was insufficient evidence to show that she aided and abetted in health care fraud.

As this Court has previously held, a criminal forfeiture judgment, which in this case was entered with consent, "must be challenged on direct appeal or not at all." *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007) (listing cases holding same); *see also United States v. Martinez-Mata*, No. 3:14CV10, 2014 WL 5430992, at *2 (E.D. Va. Oct. 24, 2014) (challenge to criminal forfeiture must be made on direct appeal or challenge is waived). The criminal forfeiture of petitioner's property was a part of her sentence and judgment. [DE 51 at 7]. Petitioner failed to appeal her criminal forfeiture, and her challenge to it has therefore been waived. Moreover, this Court has previously denied petitioner's efforts to challenge the criminal forfeiture, those denials have been affirmed on appeal, and petitioner in her instant filing has provided no basis upon which vacatur or modification of her criminal forfeiture judgment is warranted.

Further, insofar as petitioner challenges the validity of her underlying conviction on which the criminal forfeiture is based, petitioner has previously filed a motion pursuant to 28 U.S.C. § 2255 which was dismissed on the merits, [DE 77], and the Court must reconstrue her petition for annulment as a second or successive motion under § 2255, which this Court is without jurisdiction to consider absent authorization from the court of appeals. *See United States v. Winestock*, 340

F.3d 200, 206–07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence"); 28 U.S.C. § 2255(h) (appropriate court of appeals must certify a second or successive motion for filing); Fed. R. Civ. P. 12(b)(1). The facts relied on by petitioner in the instant motion existed at the time she filed her first § 2255 motion which was adjudicated on the merits, and the Court's construal of the instant filing as second or successive is proper. *See United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014). The government's motion to dismiss the petition for annulment is granted.

II. Motion to dismiss criminal information

Petitioner seeks dismissal of her criminal information, to withdraw her plea agreement, and for return of her property. Petitioner bases her motion on alleged violations of the Sixth Amendment to the United States Constitution, the North Carolina Rules of Professional Conduct, and the Code of Judicial Conduct. Petitioner alleges that her trial and appellate counsel were ineffective and had conflicts of interest when they represented her, specifically alleging that this conflict was present because attorneys Gilchrist and Mitchell were either awaiting appointment as a judge on the North Carolina District Court or were running for a seat on the North Carolina Superior Court.

Petitioner's ineffective assistance challenge to her conviction and sentence must be construed as a motion pursuant to 28 U.S.C. § 2255, and, as discussed above, alleges facts which existed at the time she filed her first § 2255 motion which was adjudicated on the merits; it is therefore properly construed as a second or successive § 2255 motion and this Court is without jurisdiction to consider it absent authorization from the court of appeals. Petitioner's motion to dismiss is dismissed.

Finally, the petitioner need not be provided with notice of the Court's re-characterization of her motions as they have been construed as second or successive under § 2255(h). *See United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002); *United States v. Brown*, 132 Fed. App'x 430, 431 (4th Cir. 2005) (unpublished).

## CERTIFICATE OF APPEALABLITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition. After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that the petitioner's claims are not deserving of encouragement to proceed further. This Court hereby DENIES petitioner a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 154] is GRANTED and the petition for annulment [DE 153] is DISMISSED. Petitioner's motion to dismiss [DE 168] is DISMISSED. Petitioner's request for restitution payment stay [DE 169, 174] is DENIED AS MOOT.

SO ORDERED.

This the 7 day of July, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE