IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-383-BO
NO. 5:13-CV-543-BO

| | |
|---|---|
| SANDRA ELLIOTT ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's motion to reopen habeas corpus and motion to amend her motion to reopen habeas corpus. The government has responded, defendant has replied, and the motions are ripe for ruling.

## BACKGROUND

Petitioner is currently serving a term of 120 months' imprisonment after pleading guilty to health care fraud and aiding and abetting in violation of 18 U.S.C. § 1347 and 18 U.S.C. § 2. Petitioner's conviction and sentence were affirmed on appeal. [DE 57]. Petitioner has previously filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 which dismissed on the merits by order entered February 10, 2014. [DE 77]. Petitioner moved to reconsider the Court's dismissal, which was denied. [DE 90].

## DISCUSSION

First, the Court grants petitioner's motion to amend her motion to reopen habeas proceeding, and the Court has considered petitioner's amended motion. In her motion and amended motion, which have been filed under Fed. R. Civ. P. 54(b), petitioner seeks to dismiss the criminal information filed in this case, reconsideration of the Court's February 7, 2014, order,

and entry of an order vacating the government's motion for summary judgment. Contrary to petitioner's arguments, the Court's order of 7 February 2014, entered 10 February 2014, was a final order as it disposed of all claims raised by petitioner in her 28 U.S.C. § 2255 motion to vacate.

Because the Court's 10 February 2014 order was final, petitioner's motion is properly characterized as a Rule 60(b) motion for relief from judgment. *See United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015). A movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Such circumstances are rare in a habeas context. *Id.*

Petitioner contends that her motion challenges a defect in the integrity of the habeas proceeding, and argues that her attorney abandoned her during her § 2255 proceedings. Attorney abandonment can sustain a successful motion for relief under Rule 60(b)(6). *Maples v. Thomas*, 565 U.S. 266, 281(2012). The record reflects, however, that, while her first, successful § 2255 motion was filed by counsel, petitioner filed her numerically second but not successive § 2255 motion *pro se*. [DE 61].

Petitioner's remaining arguments regarding the conduct of her attorneys is in regard to conduct which occurred during her criminal proceedings. Petitioner has previously raised a claim of ineffective assistance of counsel in her § 2255 proceedings, and new legal arguments or a proffer of additional evidence generally amount to a continuing collateral attack on a conviction or sentence; such arguments are appropriately characterized as second or successive § 2255 proceedings. *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

Accordingly, to the extent that petitioner's motion to reopen her habeas proceedings raises a proper Rule 60(b) claim, petitioner has failed to demonstrate she is entitled to relief. To the extent that petitioner has raised claims that are properly characterized as second or successive §

2

2255 claims, they are dismissed for lack of subject matter jurisdiction. *Winestock*, 340 F.3d at 205; *see also United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002); *United States v. Brown*, 132 Fed. App'x 430, 431 (4th Cir. 2005) (unpublished) (a petitioner need not receive notice prior to dismissal of second or successive § 2255 motion). Petitioner's motion to reopen her habeas proceeding is therefore DENIED in part and DISMISSED in part for lack of jurisdiction.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's second or successive § 2255 claims debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, petitioner's motion to amend [DE 180] is GRANTED. Petitioner's motion to reopen her habeas proceeding [DE 179 & 180] is DENIED in part and DISMISSED in part for lack of jurisdiction. A certificate of appealability is DENIED.

This the 29 day of July, 2018.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3