IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-383-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SANDRA ELLIOTT | ) | |

This cause comes before the Court on defendant's motion for reconsideration of application of Amendment 794, motion for restitution bill, and motion for judicial recommendation regarding length of residential reentry placement. The government has responded, defendant has replied, and the motions are ripe for ruling.

## BACKGROUND

Defendant is currently serving a term of 120 months' imprisonment after pleading guilty to health care fraud and aiding and abetting in violation of 18 U.S.C. § 1347 and 18 U.S.C. § 2. Defendant's current release date is May 27, 2019. *See* https://www.bop.gov/inmateloc/ (last visited July 27, 2018).

## DISCUSSION

I.  Motion for reconsideration of application of Amendment 794

Defendant seeks a reduction in her sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 794 to the United States Sentencing Guidelines. As Amendment 794 was not made retroactively applicable by the Sentencing Commission, the Court is without authority to reduce defendant's sentence under this provision. *See* U.S.S.G. § 1B1.10(d); 18 U.S.C. § 3582(c)(2).

II.  Motion for restitution bill

The Court's judgment originally entered September 10, 2010 [DE 41], and amended judgment entered on November 28, 2011 [DE 51], both provide that defendant must make restitution in the amount of $1,885,196.40.

III.  Motion for judicial recommendation

Finally, defendant seeks a recommendation from the Court that she be permitted to serve at least twelve months in a residential reentry center prior to the expiration of her term of imprisonment. The Second Chance Act of 2007 provides that the "Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c). The authority to designate a prisoner to serve a particular period in a residential reentry center or half-way house remains with the Bureau of Prisons. *See United States v. Squire*, No. CR 3:09-502-JFA, 2012 WL 3848364, at *1 (D.S.C. Sept. 5, 2012). The Court declines to make a recommendation to the Bureau of Prisons regarding defendant's placement in a residential reentry center.

## CONCLUSION

For the foregoing reasons, defendant's motions [DE 181, 182, 183] are DENIED.

This the 24 day of July, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2